IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JOO IL KIM HUR, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) |
| | )   1:05cv327(JCC) |
| ALBERTO GONZALEZ, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on Motion of Respondents, the Attorney General, the Secretary of the Department of Homeland Security, and the Director of the Bureau of Citizenship and Immigration Services Vermont Service Center, to dismiss the instant Petition for Review pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  For the following reasons, the Court will grant Respondents' Motion to Dismiss.

**I.  Background**

Petitioners, Joo Il Kim Hur, Ko Yoon Kim, and their child, Yon Kee Kim, are citizens of South Korea.  On June 28, 2001, they were admitted to the United States as visitors for pleasure pursuant to B-2 nonimmigrant visas.  Petitioners were authorized to remain in the United States until December 27, 2001.  Prior to the expiration of this period, Petitioners filed an application for an extension of their status until June 28, 2002, pursuant to 8 C.F.R. § 214.1(c)(3).  On April 20, 2002, the

Immigration and Naturalization Service ("INS") requested additional evidence from Petitioners to support this application. Petitioners responded and provided additional evidence. On July 25, 2002, the INS denied Petitioners' application, reasoning that Petitioners' evidence showed their activities to be inconsistent with their status as nonimmigrant visitors.

On November 18, 2002, 118 days after the denial of Petitioners' application for an extension of their status, Petitioner Joo Il Kim Hur applied for an adjustment of status to that of immigrant admitted for permanent lawful residence.[1] On June 3, 2004, the Department of Homeland Security's Bureau of Citizenship and Immigration Services ("USCIS") informed Petitioners of its intent to deny the adjustment application. USCIS reasoned that Petitioners failed to continuously maintain a lawful status for 180 days and were thus ineligible for an adjustment pursuant to 8 U.S.C. § 1255(k). Petitioners were given thirty days in which to submit evidence showing that USCIS's conclusions were in error.

Petitioners responded on June 30, 2004, arguing that they were not in an unlawful status during the pendency of their application for extension of their nonimmigrant visitors' visas.

---

[1] This application was filed pursuant to 8 U.S.C. § 1255(k), which permits certain employment-based immigrants to file for adjustment of status if they are present in the United States pursuant to a lawful admission and have not, *inter alia*, failed to continuously maintain a lawful status for 180 days. On November 18, 2002, McLean Valet filed on behalf of Hur an employment-based immigrant petition, which was approved on April 13, 2004.

On August 11, 2004, USCIS denied the application, citing Petitioners' failure to produce any evidence that would overcome the grounds of denial stated in its June 3, 2004 letter of intent.  Petitioners then filed a motion for reconsideration on September 3, 2004, but did not attach any new evidence or argument.  USCIS denied this motion to reconsider, explaining that Petitioners' period of "lawful status" ended on December 27, 2001, over 180 days prior to the application for adjustment of status.[2]  Petitioners' filed a second motion for reconsideration on December 13, 2004, relying on an INS policy statement ("the Pearson memorandum") for the proposition that Petitioners' "unlawful status" did not begin to accrue until July 25, 2002.  USCIS denied Petitioners' second motion for consideration on March 1, 2005, reiterating its earlier position and distinguishing between the concepts of "authorized stay" and "lawful status."

   Petitioners then filed this Petition for Review against the Attorney General, the Secretary of the Department of Homeland Security, and the Director of USCIS's Vermont Service Center, in their official capacities.  Respondents have moved to dismiss the

---

[2]USCIS further explained that Petitioners were in a period of "authorized stay" from December 28, 2001 until July 25, 2002, the time in which their application to extend their nonimmigrant visitors' visas was pending.  Once this application was denied, their period of "authorized stay" ended, and the December 27, 2001 date became the end of their period of "lawful status."

-3-

petition for lack of subject matter jurisdiction.  This motion is currently before the Court.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Where subject matter jurisdiction is challenged, the factual allegations are assumed true.  *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995).  If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *Id*. (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)).  The burden of proving subject matter jurisdiction is on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted."  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)(citations omitted).  Moreover, "the complaint is to be liberally construed in favor of plaintiff." *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a

short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

### III.  Analysis

Respondents' motion for dismissal is premised upon 8 U.S.C. § 1252(a)(2)(B), which states as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> > (ii) any other decision or action of the Attorney General or Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

Respondents argue that USCIS's denial of Hur's application for adjustment of status was: (1) a judgment regarding the granting of relief under 8 U.S.C. § 1255; and (2) a decision specified by the relevant subchapter of the United States Code to be within the discretion of the Attorney General.  The Court agrees.

As a matter of plain language, both clauses of subparagraph (B) require dismissal of this action.  First, Petitioners seek review of the denial of Hur's application for adjustment of status and the subsequent motions for reconsideration.  The USCIS decision was a judgment regarding the

granting of relief under 8 U.S.C. § 1255, and as such, is expressly contemplated by § 1252(a)(2)(B)(i).  This Court is without jurisdiction to consider a denial of an application for status adjustment.  *See Velasquez-Gabriel v. Crocetti*, 263 F.3d 102, 104 n.1 (4th Cir. 2001).  Second, the grant or denial of an application to adjust status is specifically committed to the discretion of the Attorney General, and this discretion is specified within the same subchapter as §1252.  *See* 8 U.S.C. § 1255(a).  Thus, § 1252(a)(2)(B)(ii) also precludes this Court from exercising jurisdiction.

Despite the apparent application of § 1252(a)(2)(B), Petitioners argue that administrative decisions made pursuant to the Immigration and Nationality Act are reviewable by federal courts to the extent they hinge on questions of law.  According to the cases cited by Petitioners, the term "judgment," as used in § 1252(a)(2)(B)(i), refers only to an exercise of discretion. *See Iddir v. Immigration & Naturalization Serv.*, 301 F.3d 492, 497 (7th Cir. 2002); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1141-42 (9th Cir. 2002).  The decisions relied on by Petitioners have held that neither "judgments" contemplated by clause (i) nor discretionary functions contemplated by clause (ii) include administrative resolutions of questions of law.  *See, e.g. Sepulveda v. Gonzales*, 407 F.3d 59, 63 (2d Cir. 2005); *Succar v. Ashcroft*, 394 F.3d 8, 19-20 (1st Cir. 2005); *Mireles-Valdez v.*

*Ashcroft*, 349 F.3d 213, 217 (5th Cir. 2003); *Najjar v. Ashcroft*, 257 F.3d 1262, 1298 (11th Cir. 2001).  Thus, under this line of cases, 8 U.S.C. § 1252(a)(2)(B)(i) and (ii) would present no bar to judicial review of, for example, an agency's interpretation of a statute.  Of particular note is *Succar*, in which the First Circuit held that it had jurisdiction to review the Attorney General's regulatory interpretation of 8 U.S.C. § 1255, the statute under which Petitioner Hur sought relief from USCIS.  394 F.3d at 19-20.  Additionally, in *Sepulveda*, the Second Circuit reached a similar determination regarding a request for relief under the same statute.  407 F.3d at 63.

Petitioners' action raises what is at least arguably a question of law, as the USCIS determination at issue depended on a legal distinction between the terms "authorized stay" and "lawful status."  Nevertheless, recent amendments to the applicable statutory scheme require dismissal of Petitioners' action.  Effective May 22, 2005,[3] Congress amended 8 U.S.C. § 1252(a)(2)(B) to require courts to abstain from jurisdiction over certain Immigration and Nationality Act determinations "regardless of whether the judgment, decision, or action is made in removal proceedings . . . ."  *See* REAL ID Act of 2005, Pub. L. No. 109-13, § 101(f)(2), 119 Stat. 231, 305 (2005).  Under the

---

[3]The Court notes that each case cited by Petitioners on this issue predates the effective date of the amendments to 8 U.S.C. § 1252.  This chronology, considered with the substance of these amendments, undermines Petitioners' reliance on the *Sepulveda-Saccar* line of cases.

statute as amended, the only exception to this jurisdictional bar is provided in subparagraph (D).  *See id.* § 106(a)(1)(A)(ii), 119 Stat. 231, 310.  Subparagraph (D), added by the REAL ID Act of 2005, provides:

> (D) Judicial review of certain legal claims
>
> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law *raised upon a petition for review filed with an appropriate court of appeals in accordance with this section*.

*Id.* § 106(a)(1)(A)(iii), 119 Stat. 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)) (emphasis added).  These amendments retroactively apply to determinations made before the Act's effective date.  Pub. L. No. 109-13, § 106(b), 119 Stat. 231, 311 ("The amendments made by subsection (a) . . . shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of enactment of this division.").  *See also Fernandez-Ruiz v. Gonzales*, 410 F.3d 585, 587 (9th Cir. 2005).

      The REAL ID Act amendments to 8 U.S.C. § 1252 demonstrate a congressional intent to ensure that district courts do not exercise jurisdiction over an issue such as that presented by Petitioner.  The general subject matter of § 1252 concerns judicial review of removal orders; yet, in the paragraph imposing the jurisdictional bar, Congress inserted language requiring

abstention from jurisdiction "regardless of whether the judgment, decision, or action is made in removal proceedings."  8 U.S.C. § 1252(a)(2)(B).  The unavoidable implication is that the jurisdictional bar sweeps broadly, prohibiting judicial review of removal orders *and* other determinations.  The only exception to this jurisdictional bar imposes three limitations on judicial review: (1) it is limited to constitutional claims or questions of law; (2) it must be by the appropriate court of appeals; and (3) it must be pursuant to a petition for review filed in accordance with § 1252.  *See* 8 U.S.C. § 1252(a)(2)(D).

      The last two of these limitations expose the infirmities in the Petition *sub judice*.  First, it is now clear that an aggrieved party may obtain review of a question of law only by filing a petition in the appropriate court of appeals.  This Court thus has no jurisdiction over the issues raised by Petitioners.  Second, it now seems that only removal orders are subject to judicial review by the courts of appeals, and not denials of status change requests.  As stated above, subparagraph (D) requires that petitions for review be filed in accordance with § 1252.  The subsection setting forth the requirements for petitions for review contemplates that such petitions will be filed only to challenge orders of removal.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."), (b)(2)

("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."). In Petitioners' case, there was no order of removal, and no immigration judge held any sort of proceedings. USCIS merely denied Petitioner Hur's application for a change of status. In order to obtain judicial review of any questions of law raised in said denial, the statute as amended requires Petitioners to remain in the United States in spite of this adverse determination, become the subjects of a final removal order, and file a petition for review in the appropriate court of appeals. This Court, on the other hand, lacks subject matter jurisdiction.

Finally, Petitioners also rely on the Administrative Procedures Act ("APA") to support their claim of jurisdiction. The Supreme Court has held, however, that "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions." *Califano v. Sanders*, 430 U.S. 99, 105 (1977). The APA explicitly provides for judicial review by means of "the special statutory review proceeding relevant to the subject matter in a court specified by statute . . . ." 5 U.S.C. § 703. That special statutory review proceeding, detailed above, does not grant jurisdiction to this Court.

**IV. Conclusion**

For the foregoing reasons, the Court will grant Respondents' Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. An appropriate Order shall issue.

October 25, 2005  _____/s/_____
Alexandria, Virginia                   James C. Cacheris
                             UNITED STATES DISTRICT COURT JUDGE